IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:20-CV-00659-DDD-NRN

NANCY J MARTINEZ,

     Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING JUDGMENT ON THE PLEADINGS, AND DISMISSING CASE

*Pro se* Plaintiff Nancy Martinez brings this suit for breach of contract, fraud, and insurance bad faith stemming from a car accident that occurred on January 22, 2014. (*See* Doc. 9.) Ms. Martinez alleges that she was a pedestrian who was hit by a car driven by a non-party, and that Allstate Insurance Company was her insurer at the time and failed to pay insurance proceeds due to her because of the accident. (*Id.* at pp. 3–5.)

Allstate has moved for judgment on the pleadings, arguing that her claims fail as a matter of law or are barred by statutes of limitations. (Doc. 67.) The Court referred that motion to Magistrate Judge N. Reid Neureiter (Doc. 69), and Judge Neureiter now recommends granting the motion and dismissing this case (Doc. 140). Ms. Martinez filed timely objections to Judge Neureiter's report and recommendation and then filed a second set of objections (that appear to be largely redundant), apparently on the same day. (Docs. 152, 153.) Allstate responded to

- 1 -

those objections, and Ms. Martinez replied. (Docs. 158, 159.) Because Judge Neureiter's report and recommendation was a correct application of the law to the facts alleged here, the Court will overrule Ms. Martinez's objections and grant Allstate's motion.

## LEGAL STANDARD

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *Pro se* parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). Therefore, in ruling on a motion for judgment on the pleadings, courts look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in its favor. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

Timely objections to a magistrate judge's recommendation on a dispositive issue require a de novo review of the objected-to issue. Fed. R.

Civ. P. 72(b)(3). Objections, however, must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Insufficiently specific objections are not entitled to de novo review, *id.*, and the Court therefore reviews such objections only to satisfy itself that there is "no clear error on the face of the record," Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## DISCUSSION

Both Allstate and Judge Neureiter construed Ms. Martinez's amended complaint as alleging seven claims: breach of contract, common law bad faith, statutory bad faith, negligence, fraud, civil conspiracy, and breach of fiduciary duty. (Doc. 140 at p. 3.) Although Ms. Martinez appears to have argued in briefing that she has not brought some of those claims in her complaint, Judge Neureiter evaluated those claims in an abundance of caution. (*See id.*)

Judge Neureiter recommends dismissing each claim as follows:

- Fraud: Ms. Martinez's conclusory allegations that her insurance broker coerced her to lower her insurance limits fail to meet the standard for pleading a fraud claim against Allstate under Federal Rule of Civil Procedure 9(b). The claim is alternatively barred by Colorado's three-year statute of limitations, Colo. Rev. Stat. § 13-80-101(1)(c), because the alleged fraud took place in 2011, the accident and denial of benefits occurred in 2014, and Ms. Martinez did not file suit until October 2019.

- Fiduciary Duty: There is no fiduciary relationship between an insured and insurer in a first-party context, so Ms. Martinez's

claim, to the extent she alleges such a claim, fails as a matter of law.

- Breach of Contract: An insured generally must file a claim for underinsured/uninsured motorist coverage within three years after the cause of action accrues, which is typically the time of the accident. *See* Colo. Rev. Stat. 13-80-107.5(3) (cause of action accrues after injury occurs and insured knew or should have known cause of injury). That statute of limitations may be extended to two years after the insured "received payment of the settlement" from the tortfeasor, but *only if* the plaintiff preserved the claim, either by filing a lawsuit against the underinsured motorist or by "receiving payment of . . . the liability claim settlement" within three years of the accrual of the underinsured motorist claim. Colo Rev. Stat. 13-80-107.5(1); *Stoesz v. State Farm Mut. Auto. Ins. Co.*, 401 P.3d 583, 586 (Colo. App. 2015) (where plaintiff never filed suit against underinsured motorist, preservation of underinsured motorist claim depended on whether "payment" of "the liability claim settlement" occurred within three-year limitations period). The accident here occurred on January 22, 2014. Ms. Martinez alleges that Allstate denied her claim in July 2014. And Ms. Martinez alleges that she received a settlement payment from the tortfeasor's insurance company on October 23, 2017. Because Ms. Martinez did not file this suit within three years of her breach-of-contract claim accruing, and because she did not preserve the claim by receiving a liability settlement within three years of that accrual, her claim is barred by the statute of limitations.

- Common Law and Bad Faith Insurance Claims: Ms. Martinez brought this suit more than two years after Allstate denied her claims, so her claim is barred by the statute of limitations for such claims. Colo. Rev. Stat. § 13-80-102(1)(a).

- Negligence: Assertion of a separate negligence claim in addition to a bad faith insurance claim is inappropriate in light of the reasonableness test for a bad faith claim.

- Civil Conspiracy: Because civil conspiracy requires an underlying predicate claim, and because Ms. Martinez's other claims all fail, her claim for civil conspiracy must fail too.

(Doc. 140 at pp. 5–12.)

In response, Ms. Martinez filed dozens of pages of objections to Judge Neureiter's report and recommendation. The Court has reviewed Ms. Martinez's general objections that are either conclusory, non-specific, or irrelevant to the resolution of Ms. Martinez's claims and evaluated Judge Neureiter's report and recommendation to confirm that there is no clear error on the face of the record. For instance, Ms. Martinez argues, generally, that there are material facts in dispute and that her claims cannot be adjudicated on a Federal Rule of Civil Procedure 12(b)(6) or 12(c) standard. But Judge Neureiter based his report and recommendation solely on the facts as alleged in the operative complaint, as is appropriate for a Rule 12(c) motion. Ms. Martinez also fails to discuss much, if any, of the cases supporting Judge Neureiter's report and recommendation, arguing that she need not do so due to her *pro se* status. (*See* Doc. 152 at pp. 11–12.) But while the Court construes Ms. Martinez's pleadings more liberally, that does not excuse her from failing to rebut the legal arguments presented by Allstate. She also objects to the "illegal" removal of this case made by attorneys who purportedly

had not entered an appearance for Allstate. But Ms. Martinez's allegations are belied by the fact that this case was properly and timely removed by Allstate's attorneys who have entered appearances on its behalf. She also argues that the motion for judgment on the pleadings was untimely, but she appears to confuse the deadline for Rule 12(b) motions with Rule 12(c) motions. The latter category may be filed after the pleadings are closed and early enough not to delay trial. Because the pleadings are closed and trial has not been set in this case, the motion was timely. These general objections are therefore overruled.

Ms. Martinez also raises objections that the Court liberally construes as specific enough to warrant de novo review. But they are unpersuasive even under that standard.

*1. Fraud Claim:* Ms. Martinez argues that she will be able to plead the fraud once discovery reveals more facts. (*See id.* at p. 20.) But that puts the cart ahead of the horse: Ms. Martinez must first allege, with particularity, her claim pursuant to Federal Rule of Civil Procedure 9(b). And what she has alleged both fails to meet the particularity standard and confirms that her claim is time-barred. Ms. Martinez alleges that a non-party to this case, Paul Novak, fraudulently convinced her to reduce her liability limits or forfeit an umbrella policy she had with Allstate. But Ms. Martinez has failed to allege any false statement made by Mr. Novak to her, and her allegations that there was any agency relationship between Mr. Novak and Allstate (such that Allstate could be legally liable for his actions) are conclusory. In any event, what Ms. Martinez has alleged confirms that her fraud claim is time-barred. The alleged fraud took place in 2011. (Doc. 9 at p. 7.) She knew or should have known of the fraud when she filed her claim in March 2014 or no later than when Allstate denied her claim later that year. (*Id.* at p. 6 ¶ 6.) All of these events (which are specifically alleged in the operative

complaint) occurred more than three years before this suit was filed in October 2019. So Ms. Martinez's fraud claim must fail.

*2. Breach of Contract and Bad Faith Claims:* Ms. Martinez appears to dispute Judge Neureiter's analysis of the relevant statutes of limitations for her breach-of-contract and bad-faith claims. She argues that she received her settlement check on October 23, 2017 and filed this lawsuit within two years of that date, therefore complying with the statute of limitations applicable to her breach-of-contract claim. But that two-year extension only applies if that check is received within three years of the accrual of the underinsured motorist claim. As Judge Neureiter explained, that claim accrued, at the latest, when her claim was denied in July 2014, more than three years before she alleges that she received her settlement check in October 2017. The breach-of-contract claim is therefore time-barred under the facts as alleged. To the extent Ms. Martinez has objected to the time-bar analysis of her bad-faith claims, they too are unpersuasive because those claims accrued in March 2014 or July 2014 when, as she alleges, Allstate denied all of her claims.

*3. Fiduciary Duty Claim*: Ms. Martinez makes general objections that Judge Neureiter failed to limit his evaluation of this claim to the pleadings. But Judge Neureiter found that Ms. Martinez has failed to make any allegations that could support such a claim against Allstate. Ms. Martinez has failed to allege any fiduciary relationship between her and Allstate and has failed to address cases holding that there cannot be such a relationship in this context. *See Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 152 (Colo. 2007). So this claim, too, fails.

*4. Negligence and Civil Conspiracy Claims*: Ms. Martinez has not made specific objections to Judge Neureiter's analysis of the negligence

claim. She has not addressed the fact that her negligence claim is not cognizable. And as to the civil-conspiracy claim, she has not addressed her failure to allege an underlying predicate claim to support it. Her continued objections about Mr. Novak, her former insurance agent, are unpersuasive as addressed above and cannot overcome this failure.

This *de novo* review of Ms. Martinez's more specific objections confirms that Judge Neureiter correctly applied the law to Ms. Martinez's allegations. None of Ms. Martinez's objections are persuasive, and the Court will adopt Judge Neureiter's report and recommendation and dismiss this case.

## CONCLUSION

Judge Neureiter's Report and Recommendation (Doc. 140) is ACCEPTED and ADOPTED;

Allstate's Motion for Judgment on the Pleadings (Doc. 67) is GRANTED, and this case is DISMISSED; and

Ms. Martinez's Objection (Doc. 161) to Judge Neureiter's Order (Doc. 160) denying without prejudice her motion to compel is OVERRULED AS MOOT, and her request for a hearing is DENIED.

DATED: September 30, 2021         BY THE COURT:

Hon. Daniel D. Domenico